Harper, J.
We do not think the act in question, amounts to an assault and battery, on the part of the defendant, Beck. A battery is generally defined to be, any injury done to the person of another, in a rude, insolent or revengeful way. There is also another class of cases, where some degree of negligence may be imputed: as, where a person throwing stones into the highway, strikes another passing; or, *364 as in the instance .of a person throwing a lighted squib into a crowd. But where there is no intention to injure, and no negligence, I do not think the offence can be imputed. An instance commonly put, is that of a soldier firing his piece at muster, and, without any fault of his own, injuring another, casually and suddenly passing before it. A surgeon who, for his patient’s health, cuts off a limb, is not guilty of mayhem ; or if one plucks a drowning man out of a river by the hair of the head, this is no assault. If, according to the prescription of the physician in the Arabian Nights, a physician should beat his patient with a mallet, for the bona fide purpose of restoring his health, though this might be mal-practice, it would be no battery. Where one gave another a license to beat him, there is a case in which it is said, the license was held to be void. This may well be. The person receiving the license, entertained hostile dispositions towards the other, and upon being thus licensed, proceeded to carry his revengeful purpose into effect. But in the case before us, the defendant had no evil disposition towards Anderson, but the contrary ; and at his own earnest request, and to save him from what he considered a greater evil, reluctantly consented to inflict the stripes. However ill judged the act may have been, I cannot think it constituted an assault and battery. The ease might be different with respect to the other defendants who were acquitted ; but as to the defendant before us, the motion for a new trial must be granted./
Johnson & Q’Neall, Js. concurred.